**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| JO ANN ERETH, | ) |
| Plaintiff, | ) |
| vs. | ) No. 17-0694-CV-W-FJG |
| | ) |
| GMRI, INC., d/b/a SEASONS 52, | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court are (1) Plaintiff's Motion to Remand (Doc. No. 6); and (2) Plaintiffs' [sic] Motion to Stay Proceedings Pending Remand and Suggestions in Support (Doc. No. 7). These motions are considered, below.

**I.  Background**

Plaintiff filed this action in the Circuit Court of Jackson County, Missouri, at Kansas City on July 17, 2017. Plaintiff claims that defendant negligently maintained its premises in Kansas City, Missouri on September 23, 2016, resulting in an injury to plaintiff, who slipped and fell while at the Plaza Art Fair. Plaintiff seeks compensatory and punitive damages. Following service, defendant removed this action on August 21, 2017, asserting that plaintiff is a citizen of Kansas, and defendant GMRI is incorporated in the state of Florida and maintains its principal place of business in Florida, satisfying the requirement for complete diversity between the parties. See 28 U.S.C. §§ 1332 and 1441. Defendant also notes that plaintiff sent a written settlement demand letter seeking damages in the amount of $215,500 on February 28, 2017, meeting the statutory minimum amount in controversy of $75,000. See Hall v. Vlahoulis, No. 06-6107-CV-SJ-FJG, 2007 U.S. Dist. LEXIS 8043, at **4-5 (W.D.Mo. Feb. 5, 2007)

(noting that "evidence [to remove a case] may include plaintiff's representations, 'including settlement offers by plaintiff exceeding the jurisdictional amount.'").

On August 29, 2017, the Court issued its order directing the parties to conduct an initial conference under Fed. R. Civ. P. 26(f) no later than September 28, 2017, and to file a proposed scheduling order by October 30, 2017 (Doc. No. 5).  On August 31, 2017, defense counsel contacted plaintiff's counsel requesting times to conduct an initial conference; plaintiff's counsel responded:  "This case should never have been removed. We are asking for under $75,000.  Note our petition and last demand.  We will be responding formally soon."  Doc. No. 8, Ex. A.

On September 15, 2017, plaintiff filed a motion to remand (Doc. No. 6), arguing that the amount in controversy does not exceed $75,000.  Plaintiff notes that her state court Petition prays for money damages "in an amount sufficient to punish and deter the defendants and others similarly situated from like conduct, for their costs herein expended, plus prejudgment interest, all of which is in an amount of **$75,000 or less,** and for such other relief as the court deems just and proper."  Doc. No. 1-1, p. 7 (emphasis added).  The Petition further states, "The amount in controversy is $75,000.00 or less." Id. at ¶ 4.  Plaintiff further notes her petition includes a claim for punitive damages. Plaintiff argues that these statements in the Petition demonstrate that the amount in controversy does not exceed $75,000.00.  Plaintiff argues that in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938), the Supreme Court held "[i]f [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdiction amount, and though he would be justly entitled to more, the defendant cannot remove."  Id. at 294.  Plaintiff says that here, defendant has offered no proof that the amount in controversy exceeds $75,000.00.  Also on September 15, 2017, plaintiff sent a letter to defendant demanding settlement in the amount of $75,000.

Prior to formally responding to the motion to remand, defense counsel asked plaintiff to stipulate that she does not seek and will not accept any award of damages over $75,000. Defense counsel also again requested a date for a Rule 26(f) conference, noting that disagreement as to whether this Court has jurisdiction over the matter "does not grant the parties the right to disregard Court orders of the Rules of Federal Procedure." Doc. No. 8, Ex. A. Plaintiff's counsel refused to stipulate to a damage award of less than $75,000, and refused to participate in a Rule 26 conference until the pending motions were ruled.

## II.     Standard and Analysis

### A.     Motion to Remand

The Eighth Circuit has held that where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum (as plaintiff has done here), the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); Drobnak v. Andersen Corp., 561 F.3d 778, 786 (8th Cir. 2009); James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)). To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hill v. Ford Motor Co., 324 F.Supp. 2d 1028, 1036 (E.D. Mo. 2004). The Court will apply the preponderance of the evidence standard to this case consistent with the Eighth Circuit case law.

Plaintiff, as stated above, argues that her prayer for relief specifically requests damages of $75,000 or less, and therefore argues that the case could not be removed. Defendant, however, provided evidence from other papers (i.e., the settlement demand) indicating that plaintiff believes her case is worth far more than $75,000. In order to demonstrate that the case meets the amount in controversy, the removing party need not prove that "the damages *are* greater than the requisite amount," but that "the claims ... could, that is might, legally satisfy the amount in controversy requirement." James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005) (citations omitted). The party removing the action must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hoffmann v. Empire Mach. & Tools Ltd., No. 4:10–CV–00201–NKL, 2010 WL 2216631, *2 (W.D. Mo. May 28, 2010).

In the present matter, defendant has complied with its burden of proof by submitting plaintiff's demand letter to the Court, which made a pre-suit settlement demand of $215,000, an amount far in excess of the requisite amount in controversy. In addition, plaintiff requests punitive damages, which are also considered in determining the amount in controversy. Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001)). Given the facts pled by plaintiff as well as the demands for punitive damages and the pre-suit demand of $215,000, the Court finds that defendant has established by a preponderance of the evidence that the jurisdictional minimum is satisfied.

"Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 790 (8th Cir. 2012) (citing Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009)). "The legal-certainty standard is not met if even a

possibility exists of recovering more than the statutory minimum." Claxton v. Kum & Go, L.C., No. 6:14–cv–03385–MDH, 2014 WL 6685816, *3 (W.D.Mo. Nov. 26, 2014).

Here, plaintiff has not demonstrated to a legal certainty that the claim is for less than the requisite amount. The Petition states that the damages are $75,000 or less, but as noted by defendant, Rule 55.33(b) of the Missouri Rules of Civil Procedure provides that the Petition's Prayer for Relief can be amended up to and after the time of judgment. In other words, the language used in plaintiff's petition does not bind her to her $75,000 demand. Although plaintiff has stated in her Petition that her damages are $75,000 or less, she has not met the legal certainty standard of showing that the amount in controversy does not exceed $75,000, which she could have done by signing a binding stipulation clarifying that she does not seek and will not accept an award of damages over $75,000. See Penn v. Cypress Media, L.L.C, 15-CV-00397-W-FJG, 2015 WL 5970591, at *3 (W.D. Mo. Oct. 13, 2015) (finding that a post-removal stipulation which clarifies, rather than amends, a petition may be used to demonstrate that the damages are $75,000 or less to a legal certainty).

Additionally, to the extent that plaintiff is attempting to use her September 15, 2017, demand of $75,000 to settle the case as evidence that the case is worth only $75,000, the Court notes that removal jurisdiction is determined at the time the case is removed, which was August 21, 2017 (when the most recent demand was $215,000).

Accordingly, plaintiff's motion to remand is **DENIED.**

B.    Motion to Stay

Plaintiff has also moved to stay proceedings in this case pending the Court's consideration of the motion to remand. (Doc. No. 7). Plaintiff indicates that the stay was sought for the benefit of all the parties and the Court to avoid potentially unnecessary labor. Plaintiff cites to no authority supporting such a stay. In fact, as noted by

defendant, Local Rule 26.1(b) states that "Unless the Court orders otherwise, the filing of any motion . . . does not stay the action or excuse the parties from complying with any discovery rule or scheduling order."  Furthermore, such stays are not the practice of this division – instead, the Court believes that the parties should not delay proceedings while motions are pending before it, and the motion to stay is therefore **DENIED**.  As detailed above in the "Background" section, the Court is aware that plaintiff has been using the pending motion to stay as an excuse to not comply with the orders of this Court to meet and confer with defendant in the manner expected in federal court.  Plaintiff's counsel is cautioned that further failure to comply with Court orders, as well as with reasonable discovery requests from defendant, may result in sanctions, up to and including dismissal for failure to prosecute and/or failure to comply with the orders of the Court.

**III.  Conclusion**

For all the foregoing reasons, plaintiff's motions (Doc. Nos. 6 and 7) are **DENIED**.

<u>/s/Fernando J. Gaitan, Jr.</u>
Fernando J. Gaitan, Jr.
United States District Judge

Dated:  December 11, 2017
Kansas City, Missouri